**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

PENNY SNOWDEN HILL,

      Petitioner,

v.                                                      CASE NO. 1:09cv66-MP-GRJ

WALTER MCNEIL,

      Respondent.

_____/

**O R D E R**

This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated. (Doc. 28).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Petitioner filed an objection (doc. 29) and I have made a <u>de novo</u> determination of her objections.

Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted for the following reasons.

In Ground One, petitioner claims that when she was sentenced to 10 years as a habitual offender her Sixth Amendment rights were violated because her habitual offender status was not pled in the information nor found by the jury.  This is essentially an argument under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), but the magistrate judge properly rejected this, as <u>Apprendi</u> itself holds that sentence enhancements based on prior convictions are excepted from <u>Apprendi</u>'s purview.  Petitioner also complains in Ground One that her right to confront witnesses was violated when a letter denying clemency for certain previous convictions was presented during her sentencing.  This was properly rejected because hearsay statements can be relied upon at sentencing.

In Ground Two, petitioner argues that her counsel was ineffective for not calling her as a witness to support a "defense-of-others" defense.   However, as the magistrate correctly notes, this decision was part of a strategy by defense counsel to admit that although petitioner was in the store with a butcher knife and was voicing angry words to the victim, this merely constituted the lesser-included crime of "improper exhibition of a dangerous weapon" rather than full-blown "assault with a deadly weapon."   Petitioner's counsel, Mr. Hutson, in a hearing before the judge just as the trial was about to begin, engaged in the following colloquy with petitioner:

> MR. HUTSON:  Have I informed you that, you know, I think there's a legitimate chance that you could be convicted of this offense at trial?
>
> THE DEFENDANT: Yes.
>
> MR. HUTSON: Okay.  And that actually my strategy today is not going to be to argue for a not guilty verdict, as sometimes lawyers do, but my strategy is that I'm going to argue for a lesser included offense, that being the offense of improper exhibition of a dangerous weapon. Do you understand that?

Transcript of Trial, p. 73.   The petitioner responded, "Yes."   Then counsel asked if petitioner was comfortable with that strategy, and petitioner again said, "Yes."   Counsel continued with, "You understand that I'm not going to be calling any witnesses on your behalf today. Do you understand that?" Petitioner answered "Yes" to that question and the follow up question, "Are you okay with that?" Id.   Finally, counsel finished up the colloquy with this query:

> Okay. Knowing what I've told you about what I consider to be the strength of the State's case, that I think that more likely than not they're going to be able to prove the allegation and that you risk a maximum of up to ten years, do you still want to go forward with the trial today?

Id. at 73-74.   Petitioner answered, "Yes, I do."

In short, petitioner was well aware of the strategy of her counsel to seek the lesser included offense and not to call witnesses, and she agreed with it. She was also advised of the strength of the government's case and the likelihood of conviction and was given a

chance to disagree with counsel's strategy in open court.   Notwithstanding, petitioner acquiesced in counsel's reasonable tactical decision, and thus the state trial judge and the magistrate judge properly rejected petitioner's ineffective assistance of counsel claim.

In Ground Three, petitioner claims that counsel was ineffective for advising her not to accept a favorable five-year plea deal because he insisted he could have the charged dropped to a misdemeanor.   This claim is contradicted by another part of the colloquy before the judge at the eve of trial.   Counsel held the following colloquy with petitioner on the record :

> MR. HUTSON: Ms. Hill, you understand that this morning Mr. Thompson advised me that your plea offer if you plead to the offense of aggravated assault with a deadly weapon is going to remain open until we begin, probably for the next five or ten minutes. That as a result of the plea, if you were to plea, the judge would sentence you as a prison releasee reoffender to a period of five years in the Department of Corrections. That would be a day-for-day sentence, but you would be given credit for any time you've done in jail up to this point. You understand that's the plea offer as it exists?

> THE DEFENDANT: Yes.

> MR. HUTSON:  Okay. Have I informed you that the State has said -- Mr. Thompson has said that if you're found guilty this week and today, that he intends to file a notice, what we call a notice of intent to have the judge find you to be a habitual felony offender. And if the judge should make the requisite findings and find you to be a habitual felony offender, then this third degree felony, which would normally be punishable by up to five years, could then be punishable by a term in prison up to ten years.  Do you understand that?

> THE DEFENDANT: Yes, Sir.

> MR. HUTSON: Mr. Thompson has informed me that he intends to do that and should you be found guilty of aggravated assault, he intends to argue to Judge Coker that you should be imprisoned for a period of ten years based on this event and your prior record. Do you understand that?

> MR. HUTSON: Do you understand that as we go forward with trial today, you know, I certainly can't promise you anything about the outcome of the trial. Do you understand that?

THE DEFENDANT: Yes, sir.

MR. HUTSON: You understand that I showed you the images, the photographic images of the convenience store. Have I shown you those?

THE DEFENDANT: You sure have.

MR. HUTSON: Have I gone over with you the deposition testimony of the witnesses, including Ms. Durr, Mr. Amin, and your daughter, Erica Graham?

THE DEFENDANT: Yes.

MR. HUTSON: And also the deposition of the investigating officer, Joy Robinson or Joy Smith?

THE DEFENDANT: Yes.

MR. HUTSON: Have I informed you that, you know, I think there's a legitimate chance that you could be convicted of this offense at trial?

THE DEFENDANT: Yes.

Trial Transcript, pp. 71-73.  Far from insisting that he could get the case dropped to a misdemeanor, counsel spelled out the likelihood of losing the trial and petitioner facing enhanced penalties.  Petitioner was presented with those facts in open court and insisted rejecting the plea and going to trial.  The state court judge and the magistrate judge were correct in rejecting this ineffectiveness claim.

In Ground Four, petitioner claims counsel was ineffective for failing to call the convenience store manager to support the defense that only improper exhibition of the weapon occurred.  The magistrate judge correctly rejected this claim because petitioner explicitly agreed to the reasonable strategy of not calling any witnesses.  Moreover, however, the testimony of the manager would have been harmful to petitioner's case.  The manager explained in deposition that the petitioner "came with the knife," meaning she approached the victim with the knife; that petitioner was "menacing" and "threatening" the victim with the knife, including a hand motion and a statement that "I am not joking"; that the victim "ran in the bathroom" after the petitioner said she was not joking around; that the victim "was panicked"; and that after the victim emerged from the bathroom and attempted

to leave the store thinking the coast was clear, the petitioner and her daughter leapt out of bushes near the store and caused the victim to rush back into the store and lock the door.  (The deposition testimony is found on pages 27 to 33 of Exhibit G attached to the State's response.)  Counsel's strategic decision not to call this witness was more than reasonable considering this inculpatory testimony.

In Ground Five the petitioner argued that the jury should have been instructed that she was on certain psychotropic medications during the trial.  The state court judge and the magistrate judge were correct, however, in concluding that under Florida law an instruction on psychotropic medication at trial is only required when the defendant is able to proceed to trial only because of such medication.  Declining to ask for an instruction that would not have been given is not ineffective assistance.

In Ground Six, petitioner claims that counsel was ineffective for failing to further cross-examine her daughter about supposed inconsistencies between her deposition and trial testimony about whether the victim ran from the daughter rather than from the petitioner.  This cross-examination would have failed to help petitioner's case because the two sources of testimony were consistent.  The daughter stated in her deposition: "Once my mama came in with the knife, she start running towards the bathroom to try to protect herself."  Exhibit G, p. 41.  At trial, the daughter testified that the victim did not initially run from the daughter but merely backed up: "Well, I went into the store, I approached her and I like ran up on her a little bit and I was asking her like what's up like that.  And so then she stepped back a little bit and so then that's when my mama came in." Trial Transcript, p. 135.  Then, when asked how close her mother got to the victim, the daughter answered, "Well, she wasn't real close because Ms. Durr was kind of like backing up so she couldn't really get close to her because she kind of ran into the bathroom." Id. at 140.  In other words, in both the deposition and at the trial, the daughter testified that the victim at first only backed away gradually but then ran to the bathroom after seeing petitioner with a knife.  Because these two instances of testimony are not conflicting, it was not ineffective assistance of counsel to decline to explore any inconsistency through cross-examination.

Ground Seven was correctly rejected by the state court judge and magistrate judge because admitting that the weapon was displayed in a threatening manner is consistent

with the reasonable strategy of trying to convince the jury that petitioner committed only the lesser included offense of improper exhibition of a weapon.  The term "threatening" is an element of the improper exhibition offense, and the victim and the daughter both testified that petitioner said she would "get you" or "kill your ass" to the victim.  Faced with this testimony, it was not unreasonable strategy to admit that these statements were threats but to argue that these threats only rose to the level of improper exhibition of a dangerous weapon.  Additionally, the petitioner explicitly agreed to that strategy in the colloquy quoted above.

Ground Eight should also be rejected as sound trial strategy.  An eight to nine inch butcher's knife brandished in the course of an argument is undeniably a deadly weapon.  Thus, choosing to admit that issue so as to not antagonize the jury is a reasonable strategic choice which would not prejudice the petitioner.  Therefore, the state court judge and magistrate judge were correct in concluding this was not ineffective assistance of counsel.

Finally, the undersigned agrees with the magistrate judge that since none of the conduct of counsel constituted legal error, petitioner cannot claim that any such errors in the cumulative caused an unfair trial.  Therefore, the state court judge and the magistrate judge correctly found the Ninth Ground for relief without merit.

Accordingly, it is now ORDERED as follows:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The petition under 28 U.S.C. § 2254 (doc. 1) is DENIED, and a certificate of appealability is DENIED.

**DONE and ORDERED** this 27th day of March, 2012.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Case No: 1:09cv66-MP-GRJ*